## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON DIVISION

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.: 1:15-cv-10474-DPW |
| v. | ) ) ) | |
| NAVINET, INC. and JOHN DOES 1-10, | ) ) | |
| Defendants. | ) | |

### STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between Plaintiff, Physicians Healthsource, Inc., and Defendant, Navinet, Inc. (each a "Party" and collectively, "Parties"), through their undersigned attorneys and for good cause shown pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulated Protective Order shall govern the designation and handling of all confidential documents and confidential information produced in this action by any Party or non-party covered by this Order.

1.     All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     Any Party to this litigation, and any non-party covered by this Order responding to a subpoena that submits to the jurisdiction of this Court for adjudication of production and

designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Party" or "Designating Party") may designate as CONFIDENTIAL, under the terms of this Order, any document, material, electronically stored information ("ESI"), testimony, or other information, which that Party or non-party covered by this Order has a good-faith basis to conclude contains confidential, non-public information ("Confidential Material")..
For purposes of this Order, the following non-exclusive list of items shall constitute and may be designated as Confidential:

      a.      Information that reveals trade secrets, proprietary processes, patents, patentable information, product formulae, know-how, trade practices, product concepts, product pricing, customer information if maintained as confidential; competitive information;

      b.      Information that reveals private or confidential personal or personal-identifying information including but not limited to social security numbers, credit card numbers, personal medical information and medical records;

      c.      Personnel files relating to a person who is not a party to this case, consumer credit reports; non-public financial information; confidential information which has been maintained as confidential by the producing party; tax returns; employment information;

      d.      Information protected by any statute, regulation, or constitutional provision providing a legally protected right to privacy;

      e.      Any testimony regarding material that is Confidential as defined in Paragraphs 1.a-e; and,

      f.      Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to material designated Confidential as defined in Paragraphs 2.a through 2.e.

3.      The following procedures shall apply to the designation of material as Confidential or Confidential Material:

      a.      Any document, material, or information produced may be denominated as Confidential by the Party or the responding person or entity by writing or stamping on the cover or first page and each page containing such material "CONFIDENTIAL," in such a manner that will not interfere with the legibility of the document; or, if not practicable to do so, then by otherwise identifying such confidential material in writing to the other Parties.  To the extent a Party receives by electronic means documents or information designated as "CONFIDENTIAL," the Party will ensure, in the event it prints out a copy of such document or information, that such document or information will have the "CONFIDENTIAL" designation appearing visibly on each page of the printed document.

      b.      Either during the course of a deposition or within thirty days after receipt of the final deposition transcript, any Party or non-party providing deposition testimony in response to a subpoena issued by a Party covered by this Order may designate exhibits or testimony, or any portion thereof, as Confidential by providing Notice of Designation to all counsel of record and to the court reporter stating which specific portions of exhibits and specific portions of the transcription of testimony are so designated.  Only

3

those portions of designated as Confidential shall thereafter be treated as

Confidential Material in accordance with this Stipulation for Protective

Order. Unless otherwise stipulated in writing, all testimony, transcripts, and

exhibits will be treated as Confidential until thirty days following the

receipt of the final transcript and exhibits. Failure to serve a timely Notice

of Designation shall waive any designation of testimony taken in that

deposition as Confidential Material, unless otherwise ordered by the Court.

4.     Inadvertent failure to denominate non-privileged documents or information as

Confidential Material in the manner described in Paragraph 3 hereof will not be deemed a waiver

of designation of such documents or information as Confidential Material.  A Party or non-party

covered by this Order may later designate said document or information as Confidential Material.

Disclosure of said document or information by any person prior to the later designation as

Confidential material shall not be deemed a violation of the provisions of this Order, even where

the failure to so designate was inadvertent.

5.     If information subject to a claim of attorney-client privilege, work product

protection, or any other privilege or immunity, or a party's confidentiality obligations to a

third-party is or has been inadvertently produced in this action, such production shall in no

way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege,

work product protection, or other ground for withholding to which any producing party

would otherwise be entitled, and shall instead be treated as if there were no disclosure.  If

any producing party or non-party identifies such production materials, the recipient of the

materials agrees that it will (1) return, sequester, or destroy the specified information and any

copies it has; (2) delete any versions of the materials on any database it maintains; (3)

4

retrieve all electronic and paper copies of the materials provided to any third parties, including experts; (4) destroy any notes that reveal the substance of the protected information; and (5) make no use of the information contained in the materials. The party returning the materials may challenge the privilege designation by presenting the information to the Court, pursuant to Federal Rule of Civil Procedure 26(b)(5).

6.      A Party receiving Confidential Material (a) may use such Confidential Material solely for the purposes of the prosecution or defense of this action, and (b) may not disclose Confidential Material except as expressly provided in this Order. No party shall use any information contained in any Confidential Material for any purpose other than the conduct of this pending lawsuit. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial is encouraged to bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

7.      No copies of any Confidential Material shall be made except to the extent necessary for the prosecution or defense of this action. Any summary, compilation, notes, copy, electronic image or database containing Confidential Material shall be subject to the terms of this Protective Order to the same extent as the material or information for which such summary, compilation, notes, copy, electronic image or database is made or derived.

8.      If any Party believes that a designation of any document, information or testimony as Confidential is unwarranted, that Party may so inform the designating party or non-party in writing, specifying the materials that are the subject of the objection. Within fourteen (14) days after receiving such written objection, the Parties shall negotiate in good faith to resolve their

differences. If such a conference does not resolve the objection, then the designating party must apply to the Court within thirty-day (30) days by motion for a ruling that such material shall be treated as Confidential. The designating party shall have the burden of demonstrating the propriety of that designation. Failure of the designating party to apply for a ruling within thirty (30) days of such conference waives its right to confidentiality for such documents unless the time is extended by agreement or by order of the Court. The document, information, or testimony in question shall be kept Confidential unless and until the Court orders otherwise upon motion brought by the Party. In the event of motion practice, the party asserting confidentiality bears the burden of demonstrating that the document, information, or testimony at issue is entitled to protection under this Order. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

     9.    Material which has been designated as "CONFIDENTIAL" may not be disclosed by any person other than the Party or witness producing it, except solely for the purpose of this litigation, and then only to the following persons:

        a.    The Parties, including individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        b.    All counsel for the Parties, including in-house counsel, engaged in the litigation of this action and professional, clerical, secretarial and other support personnel of such counsel necessary to assist in this action;

c.      Experts, outside consultants and technical advisors (whether designated as
trial witnesses or not) who are retained to consult with or assist counsel for
either Party in the preparation of this action for trial;

d.      Witnesses in the course of deposition or trial testimony in the reasonable
and good faith belief of counsel that examination with respect to the
Confidential Material is necessary for legitimate discovery or trial
purposes, and any person who is being prepared to testify in the reasonable
and good faith belief of counsel that such person will be a witness in this
action and that his examination with respect to the Confidential Material is
necessary in connection with such testimony. Such persons shall not retain
a copy of documents containing Confidential Material, except that
witnesses may receive a copies of all exhibits marked at their depositions
in connection with review of the transcripts. Pages of transcribed
deposition testimony or exhibits to depositions that are designated
Confidential Material must be bound separately by the court reporter;

e.      The author, or a recipient of the Confidential Material who received or
reviewed it before this litigation began;

f.      The Court and its employees, and court reporters transcribing testimony
taken in this case and notarizing officers.

g.      Contractors, meaning those persons specifically engaged for the limited
purpose of making copies of documents or organizing or processing
documents, including outside vendors hired to process electronically stored
documents;

(h)     Any putative class member, or member of any certified class, but solely to the extent the Confidential Material identifies and is about that particular person or entity; and,

(i)     Any other person or entity as to whom counsel for the Party or non-party designating the Confidential Material agrees in writing or whom the Court directs shall have access to the information.

10.     Confidential Material may be disclosed to persons described in Paragraphs 9.c, 9.d, and 9.i only if such persons have first read this Stipulation for Protective Order and have acknowledged on the enclosed Agreement Concerning Material Covered by the Stipulated Protective Order that they are bound by its terms by signing and dating a copy of the Agreement Concerning Material Covered by the Stipulated Protective Order and indicating thereupon their agreement to be so bound.  No provision herein shall be read to permit disclosure of any Confidential Material to any persons other than those designated in Paragraph 9.

11.     If a witness at a deposition refuses to sign the Agreement Concerning Material Covered by the Protective Order, any Party may adjourn the deposition to file a motion with the Court seeking to compel the witness to comply with the Protective Order. Any such motion must be filed within ten (10) days of the adjournment of the deposition. If no Party wishes to adjourn the deposition to file a motion with the Court, the deposition will proceed and that witness may be shown Confidential Material but counsel seeking the use the Confidential Material shall inform the witness that the witness is obligated to maintain the confidentiality of the Confidential Material pursuant to the terms of the Protective Order. Within fourteen (14) days following a deposition in which a witness refuses to sign the Agreement Concerning Material Covered by the

Protective Order, any Party may file a motion with the Court seeking to compel the witness to comply with the Protective Order.

12.    If a person other than the witness is present at a deposition at which Confidential Material is to be elicited or disclosed and such person is not entitled to access to such Confidential Material pursuant to Paragraphs 9 or 10 of this Stipulation for Protective Order, that person shall not be permitted to be present while Confidential Material is elicited or disclosed during the deposition.

13.    Nothing contained herein shall prevent either Party from disclosing its own Confidential Material or information contained therein, provided, however, that such disclosure shall not affect in any way the obligations of persons receiving Confidential Material pursuant to this Stipulation for Protective Order, except that there is no waiver of the right to claim that the disclosure of such material renders such material no longer confidential.

14.    The parties acknowledge the Court's concern regarding the burdensome nature of filing and maintaining documents under seal.  If it becomes necessary to use Confidential Material in court filings, then the parties shall meet and confer, and endeavor to redact the confidential portions of the Confidential Material such that the redacted version of the Confidential Material may be used without being under seal.  If the parties are unable to reach an agreement upon appropriate redactions, however, then the filing of Confidential Material shall be made under seal in a closed envelope bearing the caption of the Action, and that is stamped "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER." Confidential Material filed under seal shall remain Confidential Material subject to the terms of this Stipulation for Protective Order and shall not be made available to anyone except pursuant to order of the Court.

15.     Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for employing the procedures described herein and maintaining copies of the agreements signed by those people to whom any Confidential Material will be disclosed.

16.     If a Party that learns that Confidential Material has been disclosed to any person other than in the manner authorized by this Protective Order, such Party responsible for the disclosure shall immediately upon learning of such disclosure (a) inform the Party(ies) or non-party(ies) who designated the Confidential Material of all pertinent facts relating to such disclosure, (b) make every effort to prevent any use or disclosure of the Confidential Material by each unauthorized person who received it; and (c) attempt to retrieve such Confidential Material from the person to whom it was improperly disclosed.

17.     This Order shall not be deemed a waiver of:

      a.      Any Party's right to object to any discovery request on any ground or to seek a protective order providing further protection for particular documents or portions thereof;

      b.      Any Party's right to seek an order compelling discovery with respect to any discovery request;

      c.      Any Party's right at any proceeding herein to object to the admission of any evidence on any ground; or

      d.      Any Party's right to claim that any information sought or disclosed in the course of this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose.

18.     The provisions of this Order shall continue in effect with respect to any Confidential Material until expressly released in writing by the Party or non-party designating

such Confidential Material, and such effectiveness shall survive the entry of a final judgment or dismissal of the claims herein unless otherwise ordered by the Court.

19.   Unless otherwise agreed in writing by the Party or non-party designating such Confidential Material or ordered by the Court, within ninety (90) days of the final determination of this action, including all appeals, each person receiving Confidential Material shall return to the Producing Party or witness all Confidential Material in its possession or control and all copies thereof, or at its option and, with the agreement of the producing party or non-party, shall destroy all documents and other material or portions thereof containing or reflecting any Confidential Material, except that nothing contained in this provision shall require that the Parties destroy attorney work product or turn over attorney work product to another Party. Any attorney work product that includes Confidential Material may be retained by counsel after the conclusion of this litigation but the confidentiality of such material must be maintained.

20.   Nothing in this Order shall prevent any Party from objecting to discovery that it believes is improper.

21.   If at any time any information that has been designated Confidential produced by a Producing or Designating Party pursuant to this Order is requested by any court, administrative agency, legislative body or any other person or entity through subpoena or other compulsory process, the Party or person receiving such subpoena or compulsory process shall immediately, but in any event no later than three (3) business days after receiving such request, give written notice to all Parties and counsel for the Producing or Designating Party that such a request has been received. The written notice shall include a copy of the subpoena or other compulsory process. The receiving party also must promptly inform in writing the party who caused the subpoena, order or other process to issue that some or all the material sought is the subject of this

Order. In addition, the receiving party must deliver a copy of this Order promptly to the party that caused the subpoena, order or other process to issue. It shall be the obligation of the Producing or Designated Party to obtain an appropriate court order to preclude or restrict production of any Confidential Information or other produced information requested pursuant to a subpoena or other compulsory process.

23.     Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Material at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

24.     The terms of this Order shall be binding on the Parties, all counsel of record and their law firms and persons made subject to this Order by its terms.

**IT IS SO STIPULATED:**

Dated:  September 23, 2015

ANDERSON + WANCA
By: s/ Brian J. Wanca
Brian J. Wanca
Ryan M. Kelly
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone:  847-368-1500
Facsimile:  847-368-1501
bwanca@andersonwanca.com
rkelly@andersonwanca.com

SMITH AMUNDSEN LLC
By: s/ Erin A. Walsh
Eric L. Samore
Erin A. Walsh
15 N. Michigan Ave., Suite 3300
Chicago, IL 60601
Telephone:  312-894-3251
Facsimile:  312-894-3210
esamore@salawus.com
ewalsh@salawus.com

SWARTZ & SWARTZ
Alan L. Cantor, BBO #072360
10 Marshall Street
Boston, MA 02108
Telephone:  617-742-1900
Facsimile:  617-367-7193
acantor@swartzlaw.com

*Attorneys for Plaintiff*
*Physicians Healthsource, Inc.*

CHOATE, HALL & STEWART LLP
Mark D. Cahill, BBO #544693
Samantha A. Krasner, BBO #672598
Two International Place
Boston, MA 02110
Telephone:  617-248-5241
Facsimile:   617-502-5241
mcahill@choate.com
skrasner@choate.com

*Attorneys for Defendant*
*Navinet, Inc.*

12

**SO ORDERED**:

_Douglas P. Woodlock, U.S.D.J._

_October 5, 2015_



**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**BOSTON DIVISION**

| | | |
|---|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: 1:15-cv-10474-DPW |
| v. | ) ) | Hon. Douglas P. Woodlock |
| NAVINET, INC. and JOHN DOES 1-10, | ) ) | Magistrate:  Hon. Judith G. Dein |
| Defendants. | ) ) ) | |

1.     I, _____ _____ _____, hereby certify under penalty of perjury that I have received a copy of, read, and reviewed the Stipulated Protective Order and all amendments or modifications thereto ("Protective Order") in the above-captioned action, and that I agree to be bound by it and its terms.

2.     I further agree that I shall not disclose to others, except in accordance with the Protective Order, any documents marked or stamped "CONFIDENTIAL" (or information learned from those documents) that I may receive or be given access to, and that such documents or information so designated shall be used only for the purposes of the above-captioned legal proceeding.

3.     I further agree and attest to my understanding that my obligation to honor the confidentiality of such documents or information will continue even after the termination of the above-captioned legal proceeding.

4.     I further acknowledge my understanding that the Party that has produced and designated documents or information that is "CONFIDENTIAL" may be subject to severe and significant competitive disadvantage and economic hardship if "CONFIDENTIAL" documents or information were to be provided to others or used outside of the this litigation.

5.     I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to legal liability, including significant monetary and consequential damages, for such failure.

6.     I agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of this Agreement.

14

Dated: _____

Company: _____

Name: _____

Signature: _____